Singh v. Garland

BIA
Navarro, IJ
A205 935 071

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

SUKHWINDER SINGH,
> *Petitioner*,

v.                                                                          **21-6159**
                                                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of a February 23, 2021 decision of the BIA affirming an October 4, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh*, No. A205 935 071 (B.I.A. Feb. 13, 2021), *aff'g* No. A205 935 071 (Immig. Ct. N.Y. City Oct. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891

2

F.3d 67, 76 (2d Cir. 2018); such "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

In making credibility determinations, the trier of fact must consider "the totality of the circumstances," and may consider factors such as,

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Mann Party attacked him and his family and threatened to kill him on account of his support for the Congress Party. In

3

considering Singh's claims, the agency found Singh's story not credible. Substantial evidence supports this adverse credibility determination.

The agency reasonably relied on inconsistencies in Singh's statements and between his statements and supporting documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh's statements were inconsistent as to how many times he was attacked, and his statements and supporting documents were inconsistent as to how many attackers were present. The agency was not required to accept Singh's explanation that he was attacked twice in India but his family was attacked twice after he left, particularly as his application indicated that there were five incidents while Singh was in India. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Further, Singh's explanation that he did not know why his wife's and father's accounts differed and that he had suffered an injury did not explain the discrepancy, especially as he was unable to describe the injury. *See id.* Moreover, Singh was inconsistent as to whether he donated money to the Congress Party: he testified that he did not, but he submitted a document reflecting a donation. The

4

agency was not compelled to credit his explanation that giving money to the Congress Party to give to the poor was different from contributing to the party because the explanation does not explain why Singh failed to mention the donation when first asked and his documentary evidence reflects payment to "party funds." *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation omitted)).

The adverse credibility determination is bolstered by Singh's lack of familiarity with his evidence and lack of knowledge regarding the Congress Party's leadership and its position within the Indian Government. Singh submitted a supporting letter from Amarjit Singh and testified that Amarjit was "just a member" of his local party who did not hold any positions; but the letter identified Amarjit as local Vice President. He also testified incorrectly that the Indian president and prime minister in 2012 were members of the Mann Party, but they were members of the Congress Party. And he conceded that he did not know who was elected president in 2012. The agency did not err in finding Singh's claim implausible due, in part, to this lack of knowledge because Singh testified that his family had been affiliated with the Congress Party since his childhood and that he

was "a worker of the Congress Party" and attended meetings once a month. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (explaining that there are instances "in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

The agency also reasonably relied on a lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to credit the portions of the letters that were consistent with Singh's testimony because the declarants were not subject to cross-examination and the documents contained information inconsistent with Singh's statements. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

In sum, substantial evidence supports the adverse credibility determination given Singh's implausible and inconsistent statements and the lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court